UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD STACHOWSKI,

    Plaintiff,

CASE NO. 08-11121
HONORABLE DENISE PAGE HOOD

v.

RUPP MASONRY, INC.

    Defendant.

_____/

**ORDER DENYING MOTION TO DISMISS BY RUPP MASONRY [DOCKET NO. 11], DENYING PLAINTIFF'S MOTION FOR ANSWER OR ORDER ON FEDERAL OSHA FORMS [DOCKET NO. 22], DENYING DEFENDANT'S MOTION ON ADMINISTRATIVE CLAIM FORMS, EMPLOYERS' BASIC REPORT OF INJURY AND EMPLOYEES' REPORT OF INJURY [DOCKET NO. 23], AND DISMISSING THE CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

**I.    INTRODUCTION**

This matter comes before the Court on Defendant's Motion to Dismiss for Failure of Service of Process or in the Alternative for an Order for More Definite Statement [**Docket No. 11**], filed April 15, 2008. Plaintiff has also filed a Motion for Answer or Order on Federal OSHA forms [**Docket No. 22, filed July 8, 2008**], as well as a Motion on Administrative Claim Forms, Employers' Basic Report of Injury and Employees' Report of Injury [**Docket No. 23, filed July 18, 2008**], both of which simply repeat the requests made by Plaintiff at oral argument.

**II.    FACTS**

This matter was filed by Plaintiff on March 26, 2008, seemingly as an appeal of a

1

workers' compensation claim for an alleged injury occurring in May of 2002. Plaintiff has had a previous trial on his workers' compensation claim for the injury, held on May 2, 2007, that resulted in a decision by Workers' Compensation Board of Magistrates Magistrate John P. Baril on May 24, 2007 denying benefits. Magistrate Baril specifically found that plaintiff failed to sustain his burden of proving by a preponderance of the evidence that he incurred a work related injury arising out of and in the course of his employment. (Docket No. 16, Exhibit A) Plaintiff has filed a second Application for Mediation or Hearing with the Workers' Compensation Bureau for the same alleged injury. (Docket No. 16, Exhibit B)

Defendant claims to be uncertain of what Plaintiff is alleging, and has filed a Motion to Dismiss for Failure of Service of Process or in the Alternative for a More Definite Statement. In the Complaint it is not clear what the Plaintiff is alleging, or seeking in redress. At oral argument, however, Plaintiff made it clear to the Court that he wishes the District Court to compel the completion and filing of the Federal Occupational Safety and Health Administration ("OSHA") forms associated with his case, as Plaintiff contends the State of Michigan allegedly has no jurisdiction in that specific matter.

### III. APPLICABLE LAW & ANALYSIS

Defendant has moved to Dismiss for Failure of Service of Process claiming that the Summons and Complaint was improperly served. Federal Rule of Civil Procedure 12(b) states, in pertinent part:

> . . . Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion . . .
>
> (5) insufficient services of process;

2

Federal Rule of Civil Procedure 4(h) states in pertinent part:

**Serving a Corporation, Partnership, or Association**

Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

> (1) in a judicial district of the United States:
>
>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>> (B) by delivering a copy of the Summons and of the Complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant; or
>
> (2) at a place not within judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(I).

Federal Rule of Civil Procedure 4(e)(1) states:

**Serving an Individual Within a Judicial District of the United States**

Unless federal law provides otherwise, an individual - other than a minor, an incompetent person, or a person whose waiver has been filed - may be served in a judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or . . .

M.C.R. 2.105 sets forth the process for serving a Summons in an action brought in courts of general jurisdiction in the State of Michigan. Specifically, M.C.R. 2.105(D) states:

> **Private Corporations, Domestic and Foreign.** Service of process on a domestic or foreign corporation may be made by
>
>> (1) serving of summons and a copy of the complaint on an officer or the resident agent;

3

(2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation;

(3) serving a summons and a copy of the complaint on the last presiding officer, president, cashier, secretary, or treasurer of a corporation that has ceased to do business by failing to keep up its organization by the appointment of officers or otherwise, or whose term of existence has expired;

(4) sending a summons and a copy of the complaint by registered mail to the corporation or an appropriate corporation officer and to the Michigan Corporation and Securities Bureau if

> (a) the corporation has failed to appoint and maintain a resident agent or to file a Certificate of that appointment as required by law;
>
> (b) the corporation has failed to keep up its organization by the appointment of officers or otherwise; or
>
> (c) the corporation's term of existence has expired.

The named defendant, Rupp Masonry, Inc., is a Michigan corporation incorporated on September 18, 1984. (Docket No. 11, Exhibit A) Michael A. Rupp was the incorporator and sole officer, director, shareholder and resident agent of the corporation since its inception. (Docket No. 11, Exhibit C) Michael Rupp died on February 15, 2007, leaving behind no officers, directors, or resident agents.

On March 27, 2008, Michell Rupp, Michael Rupp's widow, was served at 15609 Hidden Lane, Livonia, MI with the summons and complaint, despite not being identified as a party defendant in this case. (Docket No. 11, Exhibit. B)[1] At oral argument Rupp Masonry's counsel

---

[1] The address listed with the Department of Labor and Economic Growth agency in a letter dated January 8, 2008, listed an address for Rupp Masonry at 26125 W. Seven Mile Rd., Redford, MI 48240. The address listed with the Michigan Department of Labor and Economic Growth Workers' Compensation Agency, dated February 8, 2008 (approximately one month and a half prior to the filing of the present action) for Rupp Masonry was the 15609 Hidden Lane,

stated that no new address for the corporation was provided for, and no new agents or officers were appointed to the corporation. Because of the likelihood of confusion caused by the Michael Rupp's death and Rupp Masonry's not updating the records to remove the prior address, this Court does not believe dismissing the case for failure to serve process to be the appropriate remedy.

In the alternative, Defendant has moved for an Order for More Definite Statement, pursuant to FRCP 12(e), claiming that it is not possible to discern what is being alleged, and what relief Plaintiff is seeking from the Court. At oral argument Plaintiff made it clear to the Court that he wishes the District Court to compel the completion and filing of the Federal OSHA forms associated with his case, as Plaintiff contends the State of Michigan allegedly has no jurisdiction in that specific matter.

An employer's violation of the Occupational Safety and Health Act or regulations thereunder does not give rise to a private cause of action against the employer in favor of the employee injured as a result of such violation. *Russell v. Bartley,* 494 F.2d 334 (6th Cir. 1974). **An employee, injured in the collapse of a ditch in which he was working, applied for and received workmen's compensation benefits under Kentucky law. The employee then sued his employer for OSHA violations. Later he amended his complaint to bring in, as an additional defendant, the supervising engineer who had designed the project plans and specifications, allegedly negligently. In affirming a dismissal of the complaint for want of jurisdiction, the court said that OSHA does not create a private civil remedy against employers or third persons.**

---

Livonia MI address. (Docket No. 15, Exh. G)

**Because OSHA does not grant a private remedy for an employee, this Court does not have subject matter jurisdiction to hear Plaintiff's claim. As such, this action is DISMISSED for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(3).**

**Plaintiff's Motion for Answer or Order on Federal OSHA forms [Docket No. 22, filed July 8, 2008], as well as a Motion on Administrative Claim Forms, Employers' Basic Report of Injury and Employees' Report of Injury [Docket No. 23, filed July 18, 2008], both of which repeat the requests made by Plaintiff at oral argument, are also DENIED for lack of subject matter jurisdiction.**

IV. CONCLUSION

**Accordingly,**

**IT IS ORDERED that Defendant's Motion to Dismiss for Failure of Service of Process [Docket No. 11, filed April 15, 2008] is DENIED.**

**IT IS FURTHER ORDERED that Plaintiff's Motion for a More Definite Statement is MOOT.**

**IT IS FURTHER ORDERED that Plaintiff's Motion for Answer or Order on Federal OSHA forms [Docket No. 22, filed July 8, 2008] is DENIED.**

**IT IS FURTHER ORDERED that Plaintiff's Motion on Administrative Claim Forms, Employers' Basic Report of Injury and Employees' Report of Injury [Docket No. 23, filed July 18, 2008] is DENIED.**

IT IS FURTHER ORDERED that the case is DISMISSED for lack of subject matter jurisdiction.


                                               **S/Denise Page Hood**
                                               **Denise Page Hood**
                                               **United States District Judge**

**Dated: July 24, 2008**

I hereby certify that a copy of the foregoing document was served upon:

| Richard Stackowski, Jr., | Michelle Rupp |
| 812 E. 11 Mile Road | Rupp Masonry, Inc. |
| Madison Heights, MI 48071 | 15609 Hidden Lane |
| | Livonia, MI 48154 |

and counsel of record on July 24, 2008, by electronic and/or ordinary mail.

                                               **S/William F. Lewis**
                                               **Case Manager**